UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P693-S

CHESTER SHIPP                                                                PLAINTIFF

v.

BYRON RICHARDSON *et al.*                                                   DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Chester Shipp, an inmate at the Oldham County Jail, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action must be dismissed.

### I.

Plaintiff brings this action against the Lebanon Police Department, Lebanon Police Officer Brandon Blair and Kentucky State Police Officer Byron Richardson. He sues Defendants in their individual and official capacities and seeks compensatory and punitive damages as well as injunctive relief. Plaintiff claims Defendants violated his federal constitutional rights by conducting a series of illegal searches and by using excessive force during traffic stops that occurred in May 2004 and again on May 31, 2005. As a result of the search and seizures, state and federal charges were filed against Plaintiff. The federal charges are still pending in this Court. Plaintiff states that Defendant Officers also lied at his detention hearing. Plaintiff asserts that these actions violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution and also his state rights under the Kentucky Constitution.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period

for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, --U.S.--,

127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007).  In Kentucky § 1983 actions are limited by the

one-year statute of limitations found in KRS 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d

179, 182 (6th Cir. 1990).  Although state law establishes the statute of limitations for § 1983 actions,

federal law controls on the issue of when the statute of limitations begins to run.  *Sevier v. Turner*,

742 F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations

accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim

alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  In *Wallace v. Kato*, the

United States Supreme Court held that, in cases of alleged Fourth Amendment violations brought

under § 1983, the statute of limitations begins to run on the date that the alleged constitutional

violations occurred.  *See Wallace v. Kato*, 127 S. Ct. at 1100.  The Supreme Court has also recently

held that when the face of the complaint shows that an action is time-barred, the case may be

dismissed summarily upon screening.  *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21, 166 L.

Ed. 2d 798 (2007).

In this case, Plaintiff's 42 U.S.C. § 1983 claims arise out of the police conduct that occurred

during the searches and arrests in May 2004 and on May 31, 2005.  Plaintiff knew or should have known of the injury that formed the basis of his illegal search and seizure and excessive force claims on those dates.  The statute of limitations for Plaintiff's § 1983 cause of action, therefore, expired at the latest on May 31, 2006.  This decision is not altered by the fact that there are still federal charges pending against Plaintiff arising at least in part out of these searches.  *See Wallace v. Kato*, 127 S. Ct. at 1100.  Plaintiff did not file the instant lawsuit until December 14, 2007, well over a year after the statute-of-limitations deadline.  As such, his excessive force and wrongful search and seizure claims are time barred.

## IV.

Plaintiff also states in his complaint that the Defendant Officers lied at a detention hearing.  The Court assumes that Plaintiff is referring to a detention hearing that occurred in state court as the only individual that testified at Plaintiff's federal detention hearing was his sister.  Regardless, such conduct does not give rise to an actionable claim under § 1983.  Police officers who testify at trial are absolutely immune from § 1983 liability for damages arising out of their alleged perjured trial testimony.  *Briscoe v. LaHue*, 460 U.S. 325, 341-43 (1983).  They enjoy the same immunity for testimony given at a preliminary hearing.  *Russell v. Mariani*, 894 F.2d 1337 (6th Cir. 1990) (applying *Briscoe* to perjured testimony by a parole officer at a preliminary hearing).

## V.

For the reasons set forth above, Plaintiff's § 1983 claims will be dismissed for failure to state a claim upon which relief can be granted.  Because Plaintiff's federal law claims will be dismissed,

the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.  *See* 28

U.S.C. § 1367(c)(3).  Those claims will be dismissed without prejudice.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4411.008

5